UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK MCCLENDON                                      CIVIL ACTION

VERSUS                                                 NO. 14-1248

N. BURL CAIN, WARDEN                                   SECTION "N"(5)

## O R D E R

Petitioner, Patrick McClendon, has filed the above-captioned petition for federal habeas

corpus relief pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 1995 state court

conviction and sentence for second degree murder. This is McClendon's third application for federal

habeas corpus relief challenging this conviction.

On April 16, 2003, petitioner filed his first petition for federal habeas corpus relief. This

Court denied that application as untimely under 28 U.S.C. § 2244 (d). Patrick McClendon v. Cain,

Civ. Action No. 03-1119 "N"(6) (E.D. La. 7/28/04). In January 2012, petitioner was granted

authorization by the United States Fifth Circuit Court of Appeals to file a second or successive

petition for federal habeas corpus relief in this Court. In Re McClendon, No. 11-31023 (5th Cir. Jan.

9, 2012).[1] However, the Fifth Circuit noted that "the district court shall dismiss any claims that do

not satisfy the successive standard. See § 2244(b)(4)." Id. In his second petition, McClendon raised

the following claims: (1) he was denied his right of confrontation; (2) the State failed to reveal that

witnesses, Dorothy Jo Mallard and Roderick Johnson, were offered plea deals in exchange for their

testimony; and (3) the State suppressed material evidence, namely the December 14, 1992 taped

statement of Roderick Johnson. Patrick McClendon v. N. Burl Cain, Warden, Civ. Action No.

12-0307 "N"(5). Upon briefing by the State and full consideration of petitioner's claims, his second

---

[1] A copy of the order may be found in Patrick McClendon v. N. Burl Cain, Warden, Civ. Action No. 12-0307 "N"(5) (Rec. Doc. 3-1 at p. 123).

petition was dismissed by this Court as successive pursuant to the express authority granted under 28 U.S.C. § 2244 (b)(4). Rec. Docs. 14, 16, 17. McClendon's subsequent requests for a Certificate of Appealability ("COA") were denied both by this Court and the Fifth Circuit. McClendon v. Cain, No. 13-30677 (5th Cir. Dec. 6, 2013) (unpublished order); Rec. Doc. 26. This Court also denied McClendon's subsequent motion to set aside the judgment under Federal Rule of Civil Procedure 60(b). Rec. Doc. 32.

McClendon has now filed a third petition for federal habeas corpus relief requesting a ruling on the merits of his claims previously raised and re-urged herein. However, the petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. §2244(b). As previously determined, the claims he attempts to reassert do not satisfy the narrow exceptions to the successive bar under 28 U.S.C. § 2244 (b)(2)(A), (B).[2] While McClendon may be aggrieved by the dismissal of his second application for federal habeas corpus relief, his recourse was to seek a writ of certiorari from the United States Supreme Court, rather than attempt to raise the identical claims again in a third application for federal habeas corpus relief in this Court. Furthermore, to the extent, if any, he seeks to raise additional claims that were not presented in his prior § 2254 petition, this Court lacks jurisdiction to consider them because he has not obtained authorization to file from the Fifth Circuit.

Accordingly,

---

[2] While the district court has the discretion to transfer the petition to the appropriate court of appeals for a determination of whether the successive or second petition should be allowed, see 28 U.S.C. § 1631; In Re Epps, 127 F.3d 364 (5th Cir. 1997), transfer in this case would be futile because the Fifth Circuit has already addressed these claims. See also 28 U.S.C. § 2244(b)(1) (providing that a previously presented claim raised in a second or successive § 2254 application "shall be dismissed").

**IT IS ORDERED** that Patrick McClendon's successive petition for a writ of habeas corpus under 28 U.S.C. §2254 is **DISMISSED** without prejudice.

New Orleans, Louisiana, this _____27th_____ day of _____June_____, 2014.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE